FILED
United States Court of Appeals
Tenth Circuit

October 22, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARNELL STEWART, a/k/a "Show Off,"

Defendant - Appellant.

No. 14-1276
(D.C. No. 1:13-CR-00159-WJM-17)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **HARTZ**, Circuit Judges.

After entering into a plea agreement that included an appeal waiver, Arnell

Stewart pleaded guilty to conspiracy to distribute and possess with intent to distribute

280 grams or more of cocaine base and 500 grams or more of cocaine. He was

sentenced to 65 months' imprisonment. Despite the waiver, Mr. Stewart has filed a

notice of appeal to challenge the sentence. The government has moved to enforce the

---

[*]   This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In evaluating a motion to enforce a waiver under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

In response to the government's motion, Mr. Stewart concedes his appeal is within the scope of the waiver. He argues, however, that the record does not affirmatively show that he knowingly and voluntarily waived his right to appeal his sentence and that enforcing it would be a miscarriage of justice. In particular, he argues: (1) he did not understand the appeal waiver and/or his lawyer did not effectively explain the waiver to him; and (2) the district court failed to "fully inform him of his appellate rights – or lack thereof" at the subsequent sentencing hearing. Resp. at 1.

At the change-of-plea hearing, Mr. Stewart's lawyer was confused as to whether the plea agreement contained a waiver of a claim of ineffective assistance of counsel concerning his sentence. After the district court directed him to specific language in the agreement, the lawyer confirmed that the "waiver does not include changes in the Guidelines or sentencing statute [or] what the Court has indicated about effective assistance or prosecutorial misconduct." Plea Hr'g Tr. at 12. The

court then asked Mr. Stewart: "[D]o you understand and do you agree to the limitations contained in the Plea Agreement on your right to appeal the sentence I will impose in this case or the manner in which I will determine it?" *Id.* Mr. Stewart said: "I don't," and asked to speak with his lawyer. *Id.* After conferring with counsel, Mr. Stewart told the court: "Yes, your Honor, I understand." *Id.* Setting aside the fact that the waiver was not as broad as Mr. Stewart's lawyer initially thought, there is no evidence that his lawyer was ineffective in explaining it to him. More to the point, Mr. Stewart *affirmatively told the court* that he understood the waiver.

Mr. Stewart also faults the district court because "when [it] made its findings of fact and conclusions of law, it did not specifically find Mr. Stewart knowingly and voluntarily waived his appellate rights." Resp. at 3. We disagree in light of the fact that the court found that Mr. Stewart "has read and understands the terms of his Plea Agreement, including his limited waiver of appeal and . . . collateral challenge rights . . . [and] has knowingly and voluntarily signed [the Plea Agreement]." Plea Hr'g Tr. at 17.

Last, Mr. Stewart argues that the district court should have revisited the plea agreement with him prior to imposing the sentence. He acknowledges that "a court's statements during the sentencing hearing do not invalidate a plea agreement or the voluntariness of an appellate waiver," but argues that the court should have gone over

- 3 -

the plea agreement to afford him a "last chance to withdraw his plea."  Resp. at 5.

He fails to cite any authority to support such a requirement.

The motion to enforce is granted, and this appeal is dismissed.


Entered for the Court
Per Curiam